IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

PATSY ANN OXFORD, individually and
as administrator of the estate of James R.
Oxford, deceased; and JAMES T. OXFORD                                        PLAINTFFS

v.                                     No. 5:16-CV-05022

NORTHWEST MEDICAL CENTER – SPRINGDALE;
NORTHWEST HEALTH SYSTEM; MADISON
COUNTY SHERIFF'S OFFICE; SHERIFF PHILLIP
MORGAN, in his official capacity as Madison County
Sheriff; MR. ANDY MITCHELL, Individually and in
his official capacity as a deputy in the Madison County
Sheriff's Office; JOHN DOE INSURANCE COMPANIES
I–V; JOHN AND JANE DOE PHYSICIANS AND
MEDICAL STAFF FOR NORTHWEST MEDICAL
CENTER – SPRINGDALE; and JOHN DOE
EMERGENCY MEDICAL SERVICE                                                    DEFENDANTS

**OPINION AND ORDER**

Before the Court are Defendant Northwest Medical Center – Springdale's ("NWMC") motion to dismiss (Doc. 14) and second motion to dismiss (Doc. 16). NWMC has filed briefs in support. The motion to dismiss seeks dismissal on statute of limitations grounds and the second motion to dismiss argues that the Court lacks personal jurisdiction and service of process was insufficient. Plaintiffs Patsy Ann Oxford and James T. Oxford have filed responses (Docs. 21, 23). NWMC has filed a reply (Doc. 25) with respect to its first motion to dismiss on statute of limitations grounds.[1] The reply was filed without leave of Court and so has not been considered. *See* W.D. Ark. R. 7.2(b) (indicating that the only reply that may be filed as a matter of course is a reply to a response to a motion for summary judgment). Also pending is a motion to dismiss

---

[1] The docket incorrectly identifies the second motion to dismiss as the motion for which this reply was submitted, but the subject matter of the reply makes clear that it addresses the statute of limitations issue raised on the first motion to dismiss.

1

(Doc. 29) Northwest Health System filed by the Oxfords.

**I.     Analysis**

    **A.     Multiple Motions to Dismiss**

As an initial matter, NWMC's overzealous approach to document-filing has created a procedural issue in this lawsuit that must be addressed. The Oxfords correctly argue that the second motion to dismiss (Doc. 16) must be denied.[2] "[A] party that makes a motion under [Rule 12] must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). The exceptions to this general prohibition do not apply to this motion, and it is appropriately denied because it is disallowed by the Rules. This leaves for consideration the Rule 12(b)(6) motion to dismiss (Doc. 14) on statute of limitations grounds, which suffers from a similar procedural weakness. NWMC filed an answer (Doc. 13) prior to filing its Rule 12 motions. Any Rule 12 motion asserting a 12(b) defense "must be made *before* pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b) (emphasis added). An answer is a responsive pleading. Fed. R. Civ. P. 7(a)(2). NWMC's Rule 12(b)(6) motion to dismiss was filed after its responsive pleading. If this motion had been filed on a different Rule 12(b) basis, the Court would deny it as disallowed, just as it is required to do with NWMC's other motion. However, failure to state a claim upon which relief can be granted is also a basis for relief under Rule 12(c), which allows a post-answer motion for judgment on the pleadings. Because the grounds for dismissal set out in that motion have merit, the Court will construe the motion to dismiss on statute of limitations grounds as a Rule 12(c) motion. *Cf. Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty., Colo.*, 771 F.3d 697, 703–04 (10th Cir. 2014) (adopting

---

[2] The Oxfords are incorrect, however, in arguing that NWMC is barred from raising affirmative defenses in its answer, as Rule 12(g) only applies to Rule 12 motions.

2

Third Circuit approach of overlooking any error in a district court's treatment of Rule 12(b)(6) motion as Rule 12(c) motion because decision not to require defendants to technically comply with the Rules and file a new motion did not affect substantive rights of the parties).

### B. Motion for Judgment on the Pleadings

The standards for a Rule 12(b)(6) motion for failure to state a claim apply to a Rule 12(c) motion for judgment on the pleadings. *Mickelson v. Cnty. of Ramsey*, 823 F.3d 918, 923 (8th Cir. 2016). "[W]hen it appears from the face of the complaint itself that the limitations period has run, a limitations defense may properly be asserted through a 12(b)(6) motion to dismiss." *Wycoff v. Menke*, 773 F.2d 983, 984-85 (8th Cir. 1985) (quotation omitted); *see also Thach v. Tiger Corp.*, 609 F.3d 955 (8th Cir. 2010) (affirming judgment on the pleadings where statute of limitations expired). In reviewing the complaint on a 12(b)(6) motion, the Court "accept[s] as true all facts pleaded by the non-moving party and grant[s] all reasonable inferences from the pleadings in favor of the non-moving party." *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (quotation omitted). "Federal courts apply the law of the forum to determine statutes of limitation." *Harris v. Mortg. Prof'ls, Inc.*, 781 F.3d 946, 948 (8th Cir. 2015); *accord Metro. Wholesale Supply, Inc. v. M/V Royal Rainbow*, 12 F.3d 58, 61–62 (5th Cir. 1994) (applying Louisiana statute of limitations to state law claims over which the court exercised supplemental jurisdiction).

The Oxfords allege that on February 1, 2014, James R. Oxford ("Mr. Oxford") made suicidal comments to his son and to Madison County Sheriff's deputies. The deputies called emergency medical services and directed them to transfer Mr. Oxford to NWMC for a 72-hour hold. Mr. Oxford had previously been a patient of NWMC and had been treated for depression, anxiety, and other medical issues. He was transported and admitted to the emergency room at

NWMC for depression, suicidal ideation, and alcohol intoxication. He was admitted at 11:06 pm on February 1, and was released and discharged at 11:39 pm that same day. NWMC called his family to have him picked up, and was informed that Mr. Oxford was supposed to be on a 72-hour hold. Mr. Oxford was allowed to leave the hospital in a taxi cab. On February 2, Mr. Oxford's family was able to contact him, and discovered that he was in a hotel in Springdale, Arkansas. On February 3, Mr. Oxford's family brought his truck and travel trailer to an RV park in Springdale and arranged for him to be brought to the trailer. Later that day, Mr. Oxford's son visited the RV park, and both Mr. Oxford and his truck were not there. On February 4, Arkansas State Police informed Mr. Oxford's family that he had been in an automobile accident and was in the intensive care unit at Washington Regional Medical Center in Fayetteville, Arkansas. Mr. Oxford died on February 5, 2014. This action was filed on February 3, 2016. The Oxfords assert a medical negligence claim against NWMC. In particular, the Oxfords allege that by discharging an inebriated and suicidal Mr. Oxford instead of holding him for 72-hours, NWMC and its personnel fell below the standard of care.

NWMC argues in support of its motion to dismiss that this is a medical malpractice action for "medical injury." Ark. Code Ann. § 16-114-201(e) (broadly defining "medical injury" as "any adverse consequences arising out of . . . professional services being rendered by a medical care provider to a patient . . . whether resulting from negligence . . . or from premature abandonment of a patient or of a course of treatment . . . or otherwise arising out of or sustained in the course of such services"). Actions for medical injury accrue on "the date of the wrongful act complained of and no other time." Ark. Code Ann. § 16-114-203(b). They must be commenced within two years after the date of accrual. *Id.* § 16-114-203(a). NWMC argues that any wrongful act on its part occurred at the latest on February 1, 2014, when it discharged Mr. Oxford rather than holding him

4

for 72 hours.

The Oxfords respond that NWMC's duty of care extended through the entire 72-hour hold period and the cause of action did not accrue until the end of that period, on February 4, 2014. In support, they cite to *Fleming v. Vest*, 475 S.W.3d 576 (Ark. Ct. App. 2015). *Fleming* discussed the "continuous-course-of-treatment" exception, which tolls the statute of limitations "in medical-malpractice cases where there is medical negligence followed by a continuing course of treatment for the malady which was the object of the negligent treatment or act." *Fleming*, 475 S.W.3d at 581 (quotation omitted); *see also Lane v. Lane*, 752 S.W.2d 25 (Ark. 1988) (recognizing soundness of this exception to the statute of limitations). The Oxfords argue that because Mr. Oxford suffered his fatal injury during the 72-hour period during which he should have been admitted to NWMC, the statute of limitations for claims against NWMC did not begin to run until his death.

The negligent act alleged by the Oxfords is NWMC's discharge of Mr. Oxford on February 1, 2014. Following that act, the Oxfords' allegations make abundantly clear that there was no course of treatment from NWMC. Therefore, the continuing-course-of-treatment exception does not apply, and the cause of action accrued on February 1, 2014. Because the two-year limitations period expired prior to the filing of the complaint, the Oxfords' action against NWMC is time-barred and must be dismissed.

The Oxfords attempt to overcome this issue by arguing for the first time in their response to the motion to dismiss that they have a claim under the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd. The Oxfords did not identify this claim in their complaint, but a complaint is tested on its factual allegations, and not on express invocations of the law or detailed exposition of legal theory. *Johnson v. City of Shelby, Miss.*, --U.S.--, 135 S.Ct. 346 (2014); *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). However, an action under EMTALA

5

requires a plaintiff to show that a hospital did not apply the same screening procedures to him that it applies to similarly situated patients, and that this has had a disparate impact on the plaintiff. *Summers v. Baptist Med. Ctr. Arkadelphia*, 91 F.3d 1132, 1138 (8th Cir. 1996) (reiterating that "EMTALA is not a federal malpractice statute and it does not set a national emergency health standard; claims of misdiagnosis or inadequate treatment are left to the state malpractice arena."). The Oxfords have not alleged that NWMC failed to follow the same screening procedures it applies to all patients, nor have they pleaded facts that support even an inference of disparate impact. The Oxfords have not pleaded an EMTALA claim. Even if they had, an EMTALA claim is subject to a two-year statute of limitations. 42 U.S.C. § 1395dd(d)(2)(C). As set forth above, the Oxfords did not file their case against NWMC within two years of the allegedly-wrongful act, and their hypothetical EMTALA claim would be subject to dismissal the same as their malpractice action.

### C. John Doe Emergency Medical Service and John and Jane Doe Medical Staff

The complaint names multiple John and Jane Doe defendants. Among them are various physicians and medical staff at NWMC. To the extent that any NWMC employees owed a duty of care to Mr. Oxford such that a malpractice claim could plausibly be raised against those employees, any medical injury that they might have caused would have happened at the latest when Mr. Oxford was discharged from NWMC. The statute of limitations has expired for any claim against them, and the action against them will be dismissed. John Doe Emergency Medical Service is also named as a defendant, but no specific allegations are made against it. However, because the complaint does not allege any tortious acts occurred following Mr. Oxford's February 4, 2014, automobile accident, the only reasonable inference to be made from the complaint is that John Doe Emergency Medical Service is the entity (or its personnel) that transported Mr. Oxford to NWMC on February 1, 2014. The statute of limitations has expired with respect to John Doe

Emergency Medical Service, and the action against it will also be dismissed.

### D.     John Doe Insurance Companies

In addition to the malpractice claim against NWMC, the Oxfords allege that John Doe Insurance Companies I–V are liability carriers for NWMC who are liable under Ark. Code Ann. § 23-79-210.  This statute allows direct actions against insurers for tort claims when the insured is "not subject to suit for tort."  Ark. Code Ann. § 23-79-210(a)(1).  This phrase is synonymous with immunity from suit.  *Low v. Ins. Co. of N. Am.*, 220 S.W.3d 670, 680 (Ark. 2005).  Setting aside whether NWMC is an entity that would be immune from suit, direct actions are subject to the same statute of limitations as the underlying tort.  *See Rogartz v. Hosp. Gen. San Carlos, Inc.*, 89 F.R.D. 298 (D.P.R. 1980) (reading underlying lawsuit's statute of limitations into direct action statute); *Harvill v. Cmty. Methodist Hosp. Ass'n*, 786 S.W.2d 577, 581 (Ark. 1990) (citing *Rogartz* with approval for this principle).  Because the action against NWMC will be dismissed as untimely, the direct action against the John Doe insurers will also be dismissed.

### E.     Plaintiff's Motion to Dismiss

The Oxfords have moved to dismiss Northwest Health System without prejudice.  Though they identify Rule 41(a)(1)(A) as the basis for their motion, that particular subsection addresses notices of dismissal which allow a plaintiff to dismiss an action without a court order.  Because the Oxfords have filed a motion rather than a notice, the Court will construe this as a Rule 41(a)(2) motion.  No basis for the motion is given.  The Court suspects, however, that the Oxfords are moving to dismiss Northwest Health System based on NWMC's answer, which denies that NWMC is owned or operated by Northwest Health System, or even that Northwest Health System is a corporate entity.  Though the Court can presently conceive of no good-faith basis for any future lawsuit against Northwest Health System on the basis of the allegations in the complaint in this

action, because the Oxfords could have obtained a "without prejudice" dismissal had they simply filed a notice of dismissal, rather than a motion, the Court will dismiss without prejudice as the Oxfords request.

**II.    Conclusion**

IT IS THEREFORE ORDERED that Defendant Northwest Medical Center – Springdale's second motion to dismiss (Doc. 16) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs Patsy Ann and James T. Oxford's motion to dismiss (Doc. 29) is GRANTED, and Plaintiffs' claims against Defendant Northwest Health System are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Defendant Northwest Medical Center – Springdale's motion to dismiss (Doc. 14) is GRANTED, and Plaintiffs' claims against it are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiffs' claims against Defendants John Doe Insurance Companies I–V, John and Jane Doe Physicians and Medical Staff for Northwest Medical Center – Springdale, and John Doe Emergency Medical Service are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 31st day of August, 2016.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE