IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

PATSY ANN OXFORD, individually and
as administrator of the estate of James R.
Oxford, deceased; and JAMES T. OXFORD                                PLAINTIFFS

v.                              No. 5:16-CV-05022

MADISON COUNTY SHERIFF'S OFFICE; SHERIFF
PHILLIP MORGAN, in his official capacity as Madison
County Sheriff; MR. ANDY MITCHELL, Individually
and in his official capacity as a deputy in the Madison
County Sheriff's Office                                              DEFENDANTS

**OPINION AND ORDER**

Before the Court is Defendants Madison County Sheriff's Office, Sheriff Phillip Morgan, and Mr. Andy Mitchell's motion to dismiss (Doc. 5), Plaintiffs Patsy Ann and James T. Oxford's response (Doc. 8), and the parties' supporting documents. For the reasons set forth below, the Court finds that the defendants' motion (Doc. 5) should be granted.

On February 1, 2014, James R. Oxford ("Mr. Oxford") allegedly made suicidal comments to his son and to Madison County Sheriff's deputies Andy Mitchell and Jonathan Cornelison. The deputies suggested that Mr. Oxford go to the hospital on a 72-hour hold, contacted EMS, and directed them to transport Mr. Oxford to the hospital for the holding period. Mr. Oxford was admitted to the emergency room at 11:06 pm on February 1 for depression, suicidal ideations, and alcohol intoxication. He was subsequently released and discharged at 11:39 pm that same day. After Mr. Oxford's discharge, his family was unsuccessful in speaking to the attending physician. His family then contacted Deputy Mitchell who was similarly unsuccessful in speaking to officials at the hospital. Mr. Oxford left the hospital in a taxi cab and spent the night in an unknown motel. The next morning, his family once again contacted the Madison County Sheriff's office and

1

requested a wellness check because they were unaware of Mr. Oxford's location and condition. Later that day, the Sheriff's Office informed the family that it had located Mr. Oxford at a hotel in Springdale. On February 3, Mr. Oxford's family brought his truck and travel trailer to an RV park in Springdale and arranged for him to be brought to the trailer. Thereafter, Mr. Oxford's son visited the RV park, and both Mr. Oxford and his truck were not there. On February 4, Arkansas State Police informed Mr. Oxford's family that he had been in an automobile accident and was in the intensive care unit at Washington Regional Medical Center in Fayetteville, Arkansas. Mr. Oxford died on February 5, 2014.

On August 31, 2016, the Court dismissed several defendants associated with the hospital that originally admitted and discharged Mr. Oxford within an hour. (Doc. 30). The remaining defendants are all sued for actions taken by the Madison County Sheriff's Office or its deputies on February 1, 2014, following the deputies' suggestion that Mr. Oxford be placed on a 72-hour hold.

As an initial matter, the Court finds that the Madison County Sheriff's Office is not a legal entity subject to suit under § 1983. *See, e.g., Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992) (West Memphis Police Department and Paramedic Services are departments of the city government and not separate entities subject to suit); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S. D. N. Y. 1994) ("jail is not an entity that is amenable to suit"); *In re Scott Cnty. Master Docket*, 672 F. Supp. 1152, 1163 n. 1 (D. Minn. 1987) (sheriff's department is not a legal entity subject to suit), *aff'd*, *Myers v. Scott Cnty.*, 863 F.2d 1017 (8th Cir. 1989). As such, the claims against the sheriff's office will be dismissed.

Next, the Court finds that the official capacity claims against Sheriff Morgan and Deputy

Mitchell are duplicitous claims against Madison County, the governmental entity that employs them. *See Monell v. Dep't of Soc. Svcs. of N.Y.*, 436 U.S. 658, 690 n.55 (1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent."). This leaves two defendants—Madison County, even though it is not identified as a defendant in the lawsuit, and Mr. Mitchell in his individual capacity.

The claims against Madison County and Mr. Mitchell in his individual capacity will be dismissed. The defendants' motion argues that Mr. Mitchell is entitled to qualified immunity and that the complaint does not allege that Madison County had a policy or custom of deliberate indifference to a constitutional or statutory violation. The Court does not reach those arguments in dismissing this action because plaintiffs have not alleged a constitutional violation in the first place, and therefore have not stated a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

Plaintiffs summarily conclude that "[t]his is an action to secure redress of rights secured by the Constitution and [l]aw of the United States, in particular, those protected by 42 U.S.C. [§] 1983, the First, Fourth, Fifth and Fourteenth Amendments." (Doc. 1, ¶ 32). Yet plaintiffs' factual allegations and the reasonable inferences to be drawn from those allegations do not set out a violation of any Constitutional rights that could be the basis of a § 1983 claim. On the date in question, the "deputies suggested [Mr. Oxford] go into the hospital on a seventy[-]two (72)[-]hour hold," (*Id.*, ¶ 18), they arranged his transportation to the hospital (*Id.*, ¶ 19), and he was subsequently admitted to the hospital. (*Id.*, ¶ 21). Upon Mr. Oxford's successful arrival at the hospital, the determination to discharge him was not one made by the deputies. Plaintiffs contend, though, that Mr. Oxford was placed under the care and control of the deputies and that they placed him in further danger by not giving "proper direction" to the hospital regarding Mr. Oxford. (*Id.*,

¶ 40).  This is the only factual allegation that is even remotely similar to facts that would potentially give rise to a constitutional violation.  That is, while government officials generally do not have a duty under the Due Process Clause of the Fourteenth Amendment to protect individuals from harm, substantive due process requires that "if a state does take action that places an individual in a position of danger the individual otherwise would not have faced, the state may violate due process."  *Sellers By & Through Sellers v. Baer*, 28 F.3d 895, 899 (8th Cir. 1994).  Here, though, plaintiffs do not allege that the deputies placed Mr. Oxford in danger he would not have otherwise faced.  Rather, plaintiffs allege that Mr. Oxford already had suicidal ideations when the deputies suggested he go to the hospital and be placed on a hold.  The danger with Mr. Oxford existed independently of any state action, and officers actually took corrective measures to limit his potential danger to himself.

Plaintiffs' complaint and response to the present motion spend a great deal of time discussing inadequate training, deliberate indifference, and the reasonableness of the deputies' actions.  Yet these standards have little bearing on whether a § 1983 claim should survive a motion to dismiss when there is no underlying constitutional or statutory deprivation.  *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989) ("[T]he inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact."); *Szabla v. City of Brooklyn Park, Minn.*, 486 F.3d 385, 390 (8th Cir. 2007) ("Thus, only where a municipality's failure to adopt adequate safeguards was the product of deliberate indifference to the constitutional rights of its inhabitants will the municipality be liable for an unconstitutional policy under § 1983."); *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 415 (1997) ("[W]hat is required is deliberate indifference to a plaintiff's constitutional right.").  Mr. Oxford's due process rights

could not have been violated by the deputies' actions.  Absent the circumstances set out above, a state actor does not have a duty to protect others from harm, so no constitutional violation against Mr. Mitchell can be established on these grounds.  With respect to the remaining potential bases for a § 1983 claim, there are no other factual allegations that set out a violation of the First, Fourth, or Fifth Amendments.  Because there are no allegations setting out a constitutional or statutory violation, the § 1983 claim will be dismissed.

      IT IS THEREFORE ORDERED that the defendants' motion to dismiss (Doc. 5) is GRANTED.  Plaintiffs Patsy Ann and James T. Oxford's claims against the Madison County Sheriff's Office, Sheriff Phillip Morgan, and Mr. Andy Mitchell are DISMISSED WITHOUT PREJUDICE.

      IT IS SO ORDERED this 13th day of January, 2017.

                                      /s/ P. K. Holmes, III
                                    P.K. HOLMES, III
                                    CHIEF U.S. DISTRICT JUDGE